**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter A. McMillan, | No. CV-20-02397-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Travis E. Lavigne, *et al.*, | |
| Defendants. | |

At issue is Defendant United States's Motion to Dismiss (Doc. 21, "MTD"), to which Plaintiff filed a Response (Doc. 25, "Resp."), and Defendant filed a Reply (Doc. 31). Also at issue are Plaintiff's Motion for Entry of Default (Doc. 9), Motion to Dismiss for Lack of Jurisdiction, Motion for Sanctions, and Request for Rule 16 Scheduling Conference (Doc. 11), Motion for Amendment to all Responsive Pleadings (Doc. 15), and Motion to Compel (Doc. 26). The Court will also address Plaintiff's "Counterclaim" against Assistant United States Attorney Kwan Piensook, Chief of the Civil Division for United States Attorney – District of Arizona Michael Ambri, and United States Attorney Michael Bailey for Abuse of Process (Doc. 24). For the following reasons, the Court will grant Defendant's Motion to Dismiss and will deny all of Plaintiff's Motions. The Court will further strike Plaintiff's Counterclaim.

**I.   BACKGROUND**

Plaintiff is a retired United States Drug Enforcement Administration ("DEA") agent who worked in the Phoenix Field Division. On or around July 10, 2020, Cheri Oz, DEA

Special Agent in Charge, and Travis Lavigne, DEA Acting Assistant Special Agent in Charge, sent the following security bulletin to the entire Phoenix DEA Office.

> *** This message is authorized for distribution by A/ASAC Travis E. Lavigne ***
>
> Recently OPR contacted the Phoenix Division and relayed that Retired Special Agent Peter McMillan had recently made some threatening and alarming statements via email. At this time we believe Mr. McMillan could be dangerous. Mr. McMillan is no longer allowed access to our buildings or any other DEA facility, and should be trespassed if observed on those premises. If Mr. McMillan refuses to vacate the properties or is making any threatening statements, local law enforcement will be called to assist with the incident. Everyone should remain diligent when coming and going from DEA facilities. A photograph of Mr. McMillan will be posted in each DEA Facility.

(Doc. 1-2, Complaint at 1.) Plaintiff subsequently filed a Complaint in Arizona Superior Court for Defamation against Mr. Lavigne and Ms. Oz. Upon receipt of the Complaint, Defendants removed it to the Federal District Court for the District of Arizona pursuant to 28 U.S.C. § 2679(d)(2) and 42 USC § 233(c) (Doc. 1, Notice of Removal). Mr. Ambri then certified that Mr. Lavigne and Ms. Oz were acting within the scope of their federal employment when they issued the bulletin (Doc. 6-1, Certification). Based on this certification, the United States filed a Notice of Substitution to substitute the United States as the Defendant (Doc. 6, Notice of Substitution).

The United States then filed a Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction. Defendant argues that because Mr. Ambri correctly certified that Ms. Oz and Mr. Lavigne were acting within the scope of their employment, the United States properly substituted itself as the Defendant and thus Plaintiff must bring its defamation claim under the Federal Tort Claims Act ("FTCA"). The FTCA bars defamation suits against the United States. Accordingly, the Court lacks jurisdiction over this matter.

## II. LEGAL STANDARD

### A. Suits Against Federal Employees

Under the FTCA, the United States has waived its sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant

in accordance with the law of the place where the act or omission occurred." *Shirk v. United States ex rel. Dep't. of Interior*, 773 F.3d 999, 1003 (9th Cir. 2014) (quoting 28 U.S.C. § 1346(b)(1)).

However, the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, 28 U.S.C. § 2679, is an exception to the waiver of sovereign immunity and gives federal employees absolute immunity from common law tort claims that arise out of actions taken within the course of their official duties. *Osborn v. Haley*, 549 U.S. 225, 229 (2007). Congress enacted the Westfall Act in response to the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292 (1988), which added a "discretionary function" requirement as part of the criteria for granting a federal officer immunity. Under the procedures in place pursuant to the Westfall Act, when a federal employee is named in a tort suit, the Attorney General or his designee may certify that the employee was acting within the scope of his employment when he committed the alleged tort. *Osborn*, 549 U.S. at 230. "The United States Attorney in the proper district . . . or any Director of the Torts Branch, Civil Division, Department of Justice, is authorized to make the statutory certification that the [f]ederal employee was acting within the scope of his office or employment with the [f]ederal [g]overnment at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4. Once this certification occurs, the United States will then be substituted as the defendant and the action will be governed by the FTCA. *Osborn*, 549 U.S. at 230.

The certification by the Attorney General as to whether the federal employee was acting within the scope of his employment is judicially reviewable, for purposes of substitution. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995); *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). If a party seeks to challenge the certification, that party must "allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017) (quoting *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009)). The challenging party bears the burden of presenting evidence and disproving the Attorney

General's decision to grant or deny the certification by a preponderance of the evidence. *Id.* (quoting *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)).

### B.    Removal Jurisdiction

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party is required to provide a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The removing party carries the burden of establishing subject matter jurisdiction, and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *see* 28 U.S.C. § 1447(c). A plaintiff may seek remand to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. *Id.*

### C.    Dismissal for Lack of Subject Matter Jurisdiction

"A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

## III. ANALYSIS

### A. Certification and Substitution

In response to Defendant's Motion to Dismiss, Plaintiff challenges Mr. Ambri's finding that Ms. Oz and Mr. Lavigne were acting within the scope of their employment when they issued the bulletin.[1] To prevail, Plaintiff must "present[] evidence and disprove[] the Attorney General's certification by a preponderance of the evidence." *Billings*, 57 F.3d at 800.

"The question of whether a federal employee is acting within the course and scope of his employment is determined by applying respondeat superior principles of the state in which the alleged tort occurred." *Goss v. Bonner*, No. CV-18-08295-PCT-SMB, 2019 WL 2137266, at *3 (D. Ariz. May 16, 2019) (citing *Green v. Hall*, 8 F.3d 695, 698-99 (9th Cir. 1993)). In Arizona, an employee is acting within the scope of employment if his/her conduct is "of the kind the employee is employed to perform, it occurs substantially within the authorized time and space limit, and it is actuated at least in part by a purpose to serve the master." *Smith v. Am. Express Travel Serv. Co., Inc.*, 876 P.2d 1166, 1170 (Ariz. Ct. App. 1994) (citing *Love v. Liberty Mut. Ins. Co.*, 760 P.2d 1085, 1087 (Ariz. Ct. App. 1988); *Duncan v. State*, 754 P.2d 1160, 1165 (Ariz. Ct. App. 1988)).

Here, Defendant produced substantial evidence that Mr. Lavigne's and Ms. Oz's issuance of the bulletin fell within the scope of their employment. As the Special Agent in Charge of the Phoenix Field Division, Ms. Oz was responsible for the management of the Office, including the assessment of potential security issues that could affect the safety of Phoenix Field Division employees. (Declaration of Cheri Oz ("Oz Decl.") ¶ 6, Exhibit A.) She previously had issued office-wide security warnings on three other occasions. (Oz Decl. ¶ 8.) Based on conversations with fellow employees who expressed concern about Mr. McMillan, information from the Office of Professional Responsibility ("OPR"), as

---

[1] The Complaint contains pages of legal argument and conclusory statements that are typically inappropriate at the pleading stage. Plaintiff's Response purports to incorporate these arguments, which Defendant does not contest. Therefore, the Court will consider both the legal arguments provided in the Complaint as well as Plaintiff's Response when evaluating Defendant's Motion to Dismiss.

well as emails Mr. McMillan sent to her and other employees, Ms. Oz determined that Plaintiff was a security threat and directed Mr. Lavigne to issue a security bulletin. (Oz Decl. ¶¶ 13-15.) Mr. Lavigne, who had previously issued or authorized the sending of office-wide security warnings, sent the warning per Ms. Oz's instructions. (Declaration of Travis Lavigne ("Lavigne Decl.") ¶¶ 8, 14-15.)

Plaintiff does not contest the veracity of Defendant's evidence. Nor does he offer countervailing evidence as to Mr. Lavigne's and Ms. Oz's responsibilities or previous issuance of security bulletins. Rather, he argues that Mr. Lavigne and Ms. Oz could not have acted within the scope of their employment if their actions in distributing the bulletin were defamatory. (Resp. at 3.) However, an employee's defamatory conduct may fall within his scope of employment. *See Dora v. United States*, CV 05-565-PHX-MHM, 2007 WL 215615, at *4-*5 (D. Ariz. Jan. 12, 2007), *aff'd sub nom. Dora v. Achey*, 300 Fed. Appx. 550 (9th Cir. 2008) (holding that allegedly defamatory conduct fell within scope of employment and explaining that whether conduct was defamatory does not play a role in the court's analysis); *Tennenbaum v. Miller*, No. CV-10-953-PHX-GMS, 2011 WL 3875870, at *3, *3 n. 4, 6 (D. Ariz. Sept. 2, 2011) (holding allegedly defamatory conduct was within employee's scope of employment). It is thus of no import that Mr. Lavigne or Ms. Oz may have defamed Plaintiff when they released the bulletin, for purposes of determining scope of employment.

Because Defendant has produced unrefuted evidence that Ms. Oz and Mr. Lavigne released the bulletin pursuant to their official job duties, the Court finds that Mr. Ambri's Certification and the subsequent substitution of the United States as Defendant were both proper.

### B.  FTCA and Sovereign Immunity

Having found Certification and substitution proper, the Court must determine whether the United States has waived sovereign immunity over Plaintiff's defamation claim. Here, Plaintiff's claim is governed by the FTCA. *See* 28 U.S.C. § 1346; 28 U.S.C. § 2679(d)(4) ("Upon certification, any action or proceeding subject to paragraph (1), (2),

or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions."). The FTCA generally authorizes suits against the United States for damages resulting from injury or loss of property, including serious personal injury or death, caused by the negligent or wrongful act or omission of any employee of the government acting within the scope of his or her office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

However, the United States has not waived its sovereign immunity to defamation claims. Section 2680 specifically excepts from the FTCA "[a]ny claim arising out of ... libel, slander, ... or interference with contractual rights...." Ninth Circuit Courts have consistently held that this exception applies to defamation claims. *See e.g. Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003) (dismissing Plaintiff's claim because Section 2680(h) "does not permit suits against the United States for defamation."); *Khenaisser v. Zinke*, 693 F. App'x 608, 609 (9th Cir. 2017) (holding court lacks subject-matter jurisdiction because "the United States has not waived sovereign immunity over defamation claims"). In this case, the United States did not waive its sovereign immunity over Plaintiff's defamation claim; therefore, the Court lacks subject-matter jurisdiction pursuant to Rule 12(b)(1).[2]

Since Plaintiff cannot cure the defects in his claim, the Court will dismiss it with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### C. Plaintiff's Counterclaim

On January 11, 2021, Plaintiff purported to file a Counterclaim against Ms. Piensook, Mr. Ambri, and Mr. Bailey for Abuse of Process. Pursuant to Rule 13, counterclaims may only be asserted against an opposing party. Because none of the named

---

[2] Because the Court will dismiss Plaintiff's Complaint on the basis of sovereign immunity, it need not reach the question of whether Plaintiff exhausted his administrative remedies prior to filing his lawsuit.

individuals are parties to the case, Plaintiff's Counterclaim fails to comport with Rule 13 and is wholly inappropriate. Accordingly, the Court will strike it from the docket.

### D. Plaintiff's Additional Motions

On December 11, 2020, one day after Defendant removed the case to federal court, Plaintiff filed a Motion for Entry of Default. The Motion lacks merit and is thus denied.

Subsequently on December 14, 2020, Plaintiff filed a Motion to Dismiss for lack of Jurisdiction challenging the removal to federal court. While the Attorney General's "certification is subject to judicial review for purposes of substitution… it is conclusive for purposes of removal." *Billings*, 57 F.3d at 800. Because the Attorney General properly certified that Ms. Oz and Mr. Lavigne were acting within the scope of their employment, Plaintiff cannot challenge Defendant's removal of the case to federal court and thus the Court will deny Plaintiff's Motion to Dismiss. The Motion additionally requests that the Court sanction Defendants and set a Rule 16 Scheduling Conference. The Motion for Sanctions echoes Plaintiff's Response, arguing that the United States Attorney's Office cannot represent Ms. Oz and Mr. Lavigne because they were acting outside of the scope of their employment. For reasons previously discussed, this argument fails. Likewise, Plaintiff's request for a Rule 16 Conference to "discuss matters raised in this pleading" is meritless. (Doc. 11 at 19.) Plaintiff appears to be requesting oral argument. Pursuant to Local Rule 7.2(f), the Court finds these matters appropriate for decision without oral argument. Therefore, Plaintiff's request is denied.

Plaintiff further filed a Motion to Amend All Responsive Pleadings that purports to satisfy the requirement that he notify the DEA and United States Attorney's Office of his intent to file a lawsuit for defamation. The Motion has no bearing on the Court's determination that the case must be dismissed for lack of subject matter jurisdiction. Therefore, the Court will deny Plaintiff's Motion to Amend as moot.

Finally, Plaintiff filed a Motion to Compel the production of the emails Mr. McMillan allegedly sent to Ms. Oz (Doc. 26). Because discovery has not yet

commenced and the contents of the emails will not affect this Court's decision that dismissal is warranted, the Court will deny the Motion to Compel.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 21). Plaintiff's Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** striking Plaintiff's Counterclaim (Doc. 24).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Entry of Default (Doc. 9).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Dismiss (Doc. 11).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Sanctions (Doc. 11).

**IT IS FURTHER ORDERED** denying Plaintiff's Request for Rule 16 Scheduling Conference (Doc. 11).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Amendment to all Responsive Pleadings (Doc. 15).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Compel (Doc. 26).

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 9th day of September, 2021.

Honorable John J. Tuchi
United States District Judge